UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 08-68429-MHM |
| RONALD ANDREW POCH | ) | |
| | ) | |
| DEBTOR. | ) | |

**MOTION OF UNITED STATES TRUSTEE FOR
EXTENSION OF DEADLINES**

COMES NOW Donald F. Walton, United States Trustee for Region 21, and, pursuant to Federal Rules of Bankruptcy Procedure 1017(e) and 4004(b), moves the Court to enter an order further extending the deadline for filing a motion to dismiss this case for abuse under Bankruptcy Code section 707(b) and the deadline for filing a complaint objecting to the debtor's discharge under Bankruptcy Code section 727. In support of this motion, the United States Trustee shows as follows:

1.

The debtor commenced this case on May 5, 2008, by filing a petition for relief under chapter 7 of the United States Bankruptcy Code.

2.

The United States Trustee is reviewing this case to determine whether a motion to dismiss under section 707(b) or a complaint seeking to deny the debtor's discharge under section 727 is warranted.

3.

On schedule F, the debtor scheduled more than $453,000 of credit card debt.

4.

On schedule B the debtor listed property with a value of $22,800.

5.

On his statement of financial affairs, the debtor reported gross income of $19,200 in 2007, and $17,500 in 2006.

6.

On July 15, 2008, the United States Trustee filed a motion to examine the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004 to inquire about the debtor's assets, liabilities, income, expenses, financial transactions, and other matters pertaining to the administration of this case and the debtor's entitlement to a discharge.

7.

On July 16, 2008, the Court entered an Order granting the United States Trustee's motion.

8.

On August 11, 2008, the United States Trustee commenced but did not conclude the Rule 2004 examination of the debtor.

9.

During the debtor's examination on August 11, 2008, the United States Trustee advised the debtor that the United States Trustee required substantial additional documentation and information based on the debtor's testimony, including, but not limited to:

> (i) any and all life insurance policies, certificates of insurance on the life of any person, and all statements or other documents reflecting cash and surrender values, and the balance of any and all loans paid in connection therewith, for which the debtor is named as a beneficiary or loss payee, for the period January 1, 2005, through July 31, 2008;
>
> (ii) any and all legal documents relating to the suits filed against the debtor by American Express and Discover Card Services;

2

(iii) complete copies of any and all individual bills of exchange and bonds presented to American Express and Discover Card Services by the debtor;

(iv) the contact information for Ms. Shepler, including her full name, address, and telephone number;

(v) the contact information for Ken Cruickshank, including his full name, address, and telephone number;

(vi) the contact information for David Lesonik, including his full name, address, and telephone number;

(vii) the contact information for "Jim," the brother of David Lesonik, including his full name, address, and telephone number;

(viii) the contact information for David Wardlaw, including his full name, address, and telephone number;

(ix) the contact information for Pete Okie, including his full name, address, and telephone number;

(x) complete copies of bank statements for the account numbers ending in 5101, 39462, and 89187, for the period from January 1, 2006, through April 10, 2008, including canceled checks and deposit slips;

(xi) any and all records, documents, memoranda and correspondence of all accounts, including but not limited to monthly bank statements, canceled checks and deposit slips, for all accounts including checking and savings accounts with any banks, savings and loans, credit unions, money markets, brokerage firms or other financial institutions for North Atlanta Praise Fellowship, for the period January 1, 2006, through July 31, 2008;

(xii) any and all records, documents, memoranda and correspondence of all accounts, including but not limited to monthly bank statements, canceled checks and deposit slips, for all accounts including checking and savings accounts with any banks, savings and loans, credit unions, money markets, brokerage firms or other financial institutions for the non-filing spouse of Ronald A. Poch, for the period January 1, 2006, through July 31, 2008;

(xiii) a list including the nature, description, and value of each and every asset (e.g. gift, money, gift card, etc.) which the debtor transferred to any third parties in the past six (6) years and set forth the names, addresses and telephone number of such third parties;

(xiv) the name, address and telephone number for the bank account numbers ending in 5101, 39462, and 89187 which appear as forms of payment on American Express statements the debtor previously provided;

(xv) an answer to the following question asked at the Rule 2004 examination conducted on August 11, 2008: "Can you point me to one or two people who might be willing to buy a bond of exchange that was issued by Ronald Poch?";

(xvi) the name, address and telephone number of the owner of ICI Dulux Paints in Erie, PA.

10.

The debtor did not note any objections to the questions he was asked or the documents he was requested to produce during the Rule 2004 examination.

11.

The debtor and the attorney for the United States Trustee agreed to resume and continue the 2004 examination on August 29, 2008.

12.

By e-mail dated August 14, 2008, the United States Trustee provided the Debtor with written Supplement Requests for Production via e-mail sent to the e-mail address specified by the debtor for that purpose.

13.

Not having received a response to the August 14, 2008, e-mail, the United States Trustee sent a follow up e-mail to the debtor on August 18, 2008, and again attached the written Supplement Requests for Production.

14.

On August 20, 2008, the debtor contacted Anne Cabrera, a paralegal specialist with the Office of the United States Trustee, and advised Ms. Cabrera that he was working on the Supplemental Requests for Production.

15.

Note having received documents in response to the Supplemental Request for Production, on August 27, 2008, Martin Ochs, a Trial Attorney for the Office of the United States Trustee attempted to contact the debtor via telephone.

16.

On August 28, 2008, the debtor contacted Martin Ochs via e-mail to advise him that he had written a letter to Anne Cabrera stating that he would not be attending the continued Rule 2004 Examination which was scheduled on consent for August 29, 2008. In that same e-mail the debtor also advised Martin Ochs that he filed, among other things, an objection to the United States Trustee's pending Motion for Extension of Deadlines.

17.

On August 26, 2008, and again on August 28, 2008, the debtor advised the United States Trustee that he would not attend the continuation of his Rule 2004 examination scheduled for August 29, 2008.

18.

Notwithstanding the fact that the debtor initially agreed to the continuation of the Rule 2004 examination, the debtor thereafter refused to appear and, in fact, did not appear at the continued Rule 2004 examination on August 29, 2008.

19.

Moreover, the debtor failed to produce: (i) all of the documents and information requested by the United States Trustee prior to the Rule 2004 examination and (ii) any of the documents and information requested by the United States Trustee during the Rule 2004 examination.

20.

The deadline for filing a motion to dismiss this case for abuse under Bankruptcy Code section 707(b) was August 11, 2008. Likewise, the deadline for filing a complaint objecting to the debtor's discharge under Bankruptcy Code section 727 was August 11, 2008.

21.

Prior to the expiration of the August 11, 2008, deadline, the United States Trustee timely filed his Motion to Extend Time to file a motion to dismiss pursuant to 707(b) of the Bankruptcy Code and/or a complaint seeking to deny the debtor's discharge pursuant to section 727 of the Bankruptcy Code (See Docket No. 20), as the deadlines were set to expire before the United States Trustee can complete a thorough review of this case.

22.

The Debtor filed written opposition to the United States Trustee's timely filed Motion to Extend Time (See Docket Nos. 25 and 26).

23.

A hearing was held on, among other things, the United States Trustee's Motion to Extend Time and the Debtor's opposition thereto, on October 14, 2008.

24.

During the October 14, 2008, hearing, the United States Trustee noted on the record that the Motion to Extend Time to File would need to be supplemented as the United States Trustee

6

initially requested an extension through November 11, 2008, which extension was no longer sufficient extension due to the protracted nature of the case.

25.

Accordingly, in response to numerous requests for adjournments made by the Debtor (See Docket Nos. 33, 37, 43, 41, 51, 58, 65, 69, 73, 76, and 81), the United States Trustee filed supplemental requests for extensions of his time to file a motion to dismiss pursuant to 707(b) of the Bankruptcy Code and/or a complaint seeking to deny the debtor's discharge pursuant to section 727 of the Bankruptcy Code (See Docket Nos. 57, 74, 78, and 82).

26.

On January 30, 2009, an Order was entered extending the deadline of the United States Trustee to the file a motion to dismiss under section 707(b) and the deadline to file a complaint under section 727 through and including March 15, 2009 (the "Extension Order").

27.

Thereafter, On February 9, 2009, the debtor filed an appeal of the Extension Order to the United States District Court (the"Appeal").

28.

On February 24, 2009, the District Court entered a briefing notice requiring the Debtor to file his brief as appellant by March 11, 2009, and requiring the United States Trustee to file his brief as appellee within fifteen (15) days after service of the Debtor's brief.

29.

On February 24, 2009, the United States Trustee notified the Debtor, in writing, that he intended to continue his examination of the Debtor under oath pursuant to Federal Rule of Bankruptcy Procedure 2004, on March 10, 2009.

7

30.

On March 4, 2009, during a telephone conference between Martin P. Ochs, one of the trial attorneys assigned to the Debtor's case by of the United States Trustee, and the Debtor, the Debtor and the United States Trustee agreed, subject to appropriate Court approval, that: (i) the Debtor's time to file his appellate brief shall be extended for thirty (30) days and (ii) the United State's Trustee's deadline for filing a motion to dismiss under section 707(b) and the deadline for filing a complaint under section 727 shall be extended through and including a date that is forty-five (45) days after the date on which the debtor's Appeal is concluded.

31.

The United States Trustee respectfully submits that his investigation of the Debtor's financial affairs can not be completed until the Debtor produces the documents sought by the United States Trustee and submits to the completion of his examination under oath by the United States Trustee.

32.

Based on the foregoing, the United States Trustee is hereby requesting the entry of an order further extending the deadline for filing a motion to dismiss under section 707(b) and the deadline for filing a complaint under section 727, through and including a date that is forty-five (45) days after the date on which the Debtor's Appeal is concluded.

**[CONTINUED ON NEXT PAGE]**

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order extending the deadline for filing a motion to dismiss under section 707(b) and the deadline for filing a complaint under section 727 through and including a date that is forty-five (45) days after the date on which the debtor's Appeal is concluded, and for such other and further relief as this Court deems just and proper.

*s/ Martin P. Ochs*
MARTIN P. OCHS
NY Bar No. MO-1203
GA Bar No. 091608
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia  30303
(404)-331-4437
martin.p.ochs@usdoj.gov

**CERTIFICATE OF SERVICE**

   I certify that on March 4, 2009, I served a copy of this motion by First Class United States Mail, with adequate postage to ensure delivery to:

Ronald Andrew Poch
33 Waterstone Way
Acworth, GA 30101

Tamara Miles Ogier
Ellenberg, Ogier, Rothschild & Rosenfeld
170 Mitchell St. S.W.
Atlanta, GA 30303

                *s/ Martin P. Ochs*
                MARTIN P. OCHS