THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: | * | |
|    Ronald Andrew Poch, | * | Case No. 08-68429-MHM |
|       Debtor | * | Chapter 7 |
| | | |
| Ronald Andrew Poch | * | |
|    Appellant/Plaintiff, | * | Civil No. 1:09-cv-0450 |
|       v. | * | |
| Donald F. Walton, | * | |
| United States Trustee | * | |
| | | |
| Tamara Miles Ogier | * | APR 30 2010 AM 11:33 |
| Chapter 7 Trustee. | * | |
| | | |
|    Defendant/Appellee. | * | |

## APPELLANT DEBTOR'S MOTION TO DISMISS UNITED STATES TRUSTEE'S MOTION FOR EXTENTION OF DEADLINES FOR LACK OF JURISDICTION

Comes now Appellant/Debtor, Ronald Andrew Poch, pursuant to Federal Bankruptcy Rule 9013, and files this Motion To Dismiss United States Trustee's Motion For Extension Of Deadlines for lack of trial court's jurisdiction to enter orders related to issues which Appellant/Debtor has raised on appeal, and for this states as follows:

1. "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the [appellate court] and divests the [trial court] of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam);

2. Filing of a notice of appeal deprives the bankruptcy court of jurisdiction to enter orders that would affect or modify any issue or matter on appeal. *Bialac v. Harsh Inv. Co.*

*(In re Bialac)*, 694 F.2d 625 (9th Cir. 1982);

3. Filing notice of appeal from appealable order divests lower court of jurisdiction over issues related to the appeal. *Hyman v. Iowa State Bank (In re Health Care Prods.)*, 169 B.R. 753, 755 (M.D. Fla. 1994);

4. Trial court has no jurisdiction to modify appealed order. *In re Neuman*, 67 B.R. 99 (S.D.N.Y. 1986);

5. Bankruptcy court lacks authority to provide guidance or modify order pending appeal. *In re Maurice*, 179 B.R. 881 (Bankr. N.D. Ill.), *aff'd* 69 F.3d 830 (7th Cir. 1995);

6. Trial court has no jurisdiction to "do anything that impacts on any issues or matters on appeal". *In re Commodore Corp.*, 87 B.R. 62 (Bankr. N.D. Ind. 1987).

**Conclusion**

Appellant/Debtor's filing of "Notice of Appeal" divested the trial court of its control over those aspects and issues of the case involved in Appellant/Debtor's appeal. Further, Appellant/Debtor makes it very clear in his brief, on appeal, that the issues and related issues on appeal are all aspects of Appellant/Debtor's repeated objection to the granting of any extension of time to the United States Trustee.

Therefore, consistent with the rulings of both the United States Courts and various Bankruptcy Courts, throughout the United States, the filing of Appellant/Debtor's notice of appeal deprives the bankruptcy court of jurisdiction to enter orders that would affect or modify any issue or matter on appeal or to do anything that impacts on any of the issues or matters raised by Appellant/Debtor on appeal.

**WHEREFORE,** Appellant/Debtor respectfully moves this Honorable Court to dismiss Appellee/Trustee's Motion For Extension Of Deadlines for lack of trial court's

jurisdiction.

Respectfully submitted,

*(signature)*

Ronald Andrew Poch, Appellant/Debtor
33 Waterstone Way
Acworth, Georgia, 30101

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April 2010, I served copies of this Motion by first class mail on the following parties:

James H. Morawetz
United States Department of Justice
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia, 30303.

Martin P. Ochs
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia, 30303

*(signature)*

Ronald Andrew Poch
33 Waterstone Way
Acworth, Georgia, 30101